[785 NYS2d 199]

In the Matter of ANGELO A. RINALDI, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, October 1, 2004

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District
Grievance Committee,* Syracuse, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct. Respondent filed an answer admitting the material allegations of the petition, and appeared before this Court and submitted matters in mitigation.

Respondent neglected four legal matters to the detriment of his clients and failed to refund unearned legal fees. Additionally, respondent owes the sum of $9,875 to the City of Syracuse for outstanding parking fines. He failed to comply with a deadline set by City Court for payment of the fines and failed to respond in a timely manner to letters from the Grievance Committee requesting an explanation for his failure to make payment.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including the fact that he suffers from depression. We note, however, that respondent has not established a connection between his depression and his numerous acts of misconduct. In addition, we note that respondent has a disciplin-

ary history, including a censure imposed by this Court in 2003, arising from his repeated failure to comply with attorney registration requirements. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court. Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

PIGOTT, Jr., P.J., GREEN, HURLBUTT, KEHOE and HAYES, JJ., concur.

Order of suspension entered.